```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

_____
                                    )
COMMONWEALTH INSURANCE COMPANY OF    )
AMERICA as subrogee of RESIDENCES AT )
BROWN & HOWARD WHARF CONDOMINIUM ASSOC. )
and NEWSTONE DEVELOPMENT, LLC,       )
                                    )
        Plaintiff,                   )
                                    )
    v.                               )  C.A. No. 11-513 S
                                    )
STONESTREET CONSTRUCTION, LLC, et al., )
                                    )
        Defendants.                  )
_____)

## ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction or in the alternative for abstention under <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). (ECF No. 63.) For the reasons set forth in this order, the motion is denied in part and granted in part.

Defendants first argue that dismissal is warranted under Federal Rule of Civil Procedure 19(b) because Plaintiff has failed to join indispensable parties -- its subrogors -- whose joinder would defeat diversity. This argument fails because the subrogors are not necessary within the meaning of Rule 19(a) -- a prerequisite to application of Rule 19(b). The Court can

"accord complete relief among existing parties," and the subrogors do not "claim[] an interest relating to the subject" of this action. Fed. R. Civ. P. 19(a)(1)(A), (B).

With respect to the Colorado River factors, "the danger of piecemeal litigation is the paramount consideration." Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985). In light of the fact that state court plaintiffs assert claims arising out of the same incident against some of the defendants in this case, the danger here is substantial. Therefore, the Court is of the view that these cases are best resolved in one forum, namely state court.

However, the parties have also represented that the state court cases may fall out on motions to dismiss or motions for summary judgment. Accordingly, this Court exercises its discretion under Colorado River to stay this case. Should the existing state court cases be dismissed, this Court remains available to Plaintiff to pursue its claims. The motion is DENIED in part and GRANTED in part and the pending matter stayed. Counsel shall file status reports with the Court on a quarterly basis, beginning January 1, 2013.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
United States District Judge
Date: August 7, 2012

2